```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
MARCO ANTONIO SANCHEZ, individually and on                            :
behalf of all other similarly situated persons,                       :
                                                                      :
                                        Plaintiffs,                   :
                                                                      :
                -v-                                                   :
                                                                      :
JYP FOODS INC., et al.,                                               :
                                                                      :
                                        Defendants.                   :
                                                                      :
----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/10/2017

16-CV-4472 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Marco Antonio Sanchez brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Jyp Foods Inc., doing business as Kristabelli, and Joon Kim (together, "Defendants") to recover unpaid minimum wage and overtime pay. On November 28, 2016, Plaintiff moved for conditional certification of a FLSA collective action and for approval of a collective action notice. (Docket No. 23). Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED.

Plaintiff has carried his "low" burden at this stage of making a "modest factual showing" that he and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'" to support a motion for collective action certification

(quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)).  (*See* Docket No. 1 ¶¶ 20, 22-31, 34-35; Docket No. 25 Exs. B-D).  Defendants' arguments to the contrary — most notably, their argument with respect to the so-called "tip credit" (Docket No. 28, at 5-7) — not only go to the merits, which are beyond the scope of the present motion, *see, e.g.*, *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007), but also serve to confirm that there are common issues of fact and law that render this case appropriate for conditional certification.

Accordingly, Plaintiff's motion for conditional certification of a collective action is GRANTED.  As for the parties' subsidiary disputes, the Court rules as follows:

- As Plaintiff has made a showing that Defendants' policies extended to bartenders and servers (Docket No. 26, at 2-4), Defendants' objection to the scope of the collective is overruled.

- Notice shall be sent to all current and former bussers, servers, bartenders, and runners on or after June 14, 2013 — namely, within three years of the date on which the Complaint was filed.  *See, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice.  However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)).

- Defendants shall post notices in a conspicuous non-public location at their place of business.  *See, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

- Defendants shall produce not only the names and last-known addresses of potential collective members, but also last-known telephone numbers and e-mail addresses.  Defendants shall not, in the first instance, produce any Social Security numbers.  If a notice is returned as undeliverable, Defendants shall provide the Social Security number of that individual to Plaintiff's counsel.  Any Social Security numbers so produced will be maintained by Plaintiff's counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing

address for notices returned as undeliverable.  All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed.  Within fourteen days following the close of the opt-in period, Plaintiff's counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete.  These procedures are sufficient to safeguard the privacy information of potential plaintiffs.  *See, e.g.*, *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

- The notice should include defense counsel's contact information.  (Docket No. 29, at 6 n.3 (consenting to add defense counsel's information to the proposed notice)).

- To avoid disputes over timeliness, potential opt-in plaintiffs shall be required to send their consent forms directly to the Clerk of Court rather than to Plaintiff's counsel.

- Section V of the proposed notice is approved as is.

- Plaintiff's counsel is permitted to send a reminder notice thirty days before the close of the opt-in period.

The parties shall meet and confer and, **no later than January 17, 2017**, submit revised versions of the proposed Order, notice, and consent form in accordance with this Memorandum Opinion and Order.  (Counsel are directed to Docket No. 67 in *Saleem v. Corporate Transportation Group, Ltd.*, 12-CV-8450 (JMF), and Docket No. 26 in *Tamay et al. v. Mr. Kabob Restaurant, Inc.*, 15-CV-5935 (JMF), and Docket No. 61 in *Sanz et al. v. Johny Utah 51 LLC et al.*, 14-CV-4380 (JMF), for examples of notices and opt-in forms that the Court has previously approved.)

The Clerk of Court is directed to terminate Docket No. 23.

SO ORDERED.

Date: January 10, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge