UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARCO ANTONIO SANCHEZ, individually and
on behalf of all other similarly situated persons,

                                                Index: 16-cv-4472

                          Plaintiffs,

JYP FOODS INC., d/b/a KRISTALBELLI, and JOON
KIM,
                          Defendants,
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiff Marco Antonio Sanchez and opt-in Plaintiffs Hyun Jun Kim, Levon J. Augustine, Ewad Newaz, Jerffrey Santiag, Mahamduo Sillah, and Augustine Uzowuvu ("Plaintiffs") submit this memorandum of law in support of their motion to strike Defendants' answer and for entry of a default judgment, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

**Background**

Defendants employed Plaintiff and similarly situated employees as bussers, servers, bartenders, and runners. Defendants paid Plaintiff and opt-in Plaintiffs $5 per hour worked and between $2.50 and $3.50 per overtime hour worked. Additionally, Defendants did not provide Plaintiffs with a hiring notice as required by NYLL §195.1 and did not provide Plaintiffs with wage statements as required by NYLL §195.3.

**Procedural history**

Plaintiff filed a Complaint on June 14, 2016 (attached to the Naydenskiy declaration Exhibit A) asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him and other similarly situated employees minimum wage and overtime pay for all hours worked in excess of 40 hours per week, and failing to provide wage notices and accurate wage statements. Defendants answered and denied all material allegations on August 12, 2016. On January 10, 2017 (attached to the Naydenskiy declaration Exhibit B). Subsequently, Judge Furman granted Plaintiff's motion to conditionally certify a collective action. Thereafter, Hyun Jun Kim, Levon J. Augustine, Ewad Newaz, Jerffrey Santiag, Mahamduo Sillah, and Augustine Uzowuvu joined the action via signed opt-in forms. Subsequently, the parties attended a settlement conference on May 31, 2017 in front of Your Honor and agreed to settle the case. Thereafter, Defendants failed to communicate with their

1

attorney. On July 24, 2017 Your Honor held a telephone conference regarding Defendants' disappearance. On August 9, 2017, Your Honor Ordered the parties to submit a fully executed settlement agreement and stipulation of discontinuance by September 11, 2017 (ECF # 62). However, Defendants' did not sign the settlement agreement within the allotted time and did not communicate with their attorney. Thus, on October 13, 2017 Defendants' attorney Steven Seltzer, Esq. moved to withdraw (ECF # 68). On November 1, 2017 Your Honor granted Defendants' attorney's motion to withdraw and sent the notice to Defendants (ECF # 74). As of today's date, Defendants have not re-appeared.

## Argument

### A. DEFAULT JUDGMENT IS APPROPRIATE

Fed. R. Civ. P. 37(b)(2) provides:

> If a party ... fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others ... [a]n order ... rendering a judgment by default against the disobedient party....

Entry of default judgment is an appropriate sanction for significant and repeated discovery violations. *See Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 853 (2d Cir.1995) (upholding entry of default judgment against defendants who ignored magistrate judge's discovery order for five months); *United States Freight Co. v. Penn Cent. Transp. Co.,* 716 F.2d 954, 954-55 (2d Cir.1983) (upholding sanction of default judgment where defendant failed to comply with magistrate judge's discovery order despite proper notice); *Maizus v. Weldor Trust Reg.,* 144 F.R.D. 34, 37 (S.D.N.Y.1992) (entering default judgment against defendant for noncompliance with discovery orders).

Courts consider the following factors in determining whether a default judgment is

appropriate: (1) the party's history of noncompliance; (2) whether the party had sufficient time to comply; and (3) whether the party had received notice that further delays would result in dismissal. *Sony BMG Music Entertainment v. Thurmond*, CV 06-1230, 2009 WL 4110292, 3 (E.D.N.Y. Nov. 24, 2009). As described above, Defendants have a long history of non-compliance, from refusing to sign the settlement agreement, ignoring Court notices to appear and failing to communicate with their attorney prior to his withdrawal. Defendants have had more than enough time to comply with the Court's orders. When they did not appear at the Ordered November 1, 2017 conference, the Court sent Defendants the November 1, 2017 Order. However, Defendants have yet to appear. Accordingly, Plaintiffs are entitled to default judgment.

**B. A DAMAGES INQUEST IS NOT NECESSARY; THE COURT MAY SET DAMAGES WITHOUT AN INQUEST**

"The Second Circuit has approved the holding of an inquest without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *Carrasco v. West Village Ritz Corp.*, 2012 WL 2814112, at *2 (S.D.N.Y., July 11, 2012)(Peck, MJ). *See also Cesario v. BNI Constr. Inc.,* No. 07 Civ. 8545 (LLS) (GWG), 2008 WL 5210209 at *1 (Dec. 15, 2008)(quoting *Fustok v. ContiCommodity Servs.,* 873 F.2d 38, 40 (2d Cir. 1989)), *adopted by,* 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009)(same); *House,* 359 Fed. Appx. at 207 ("We have previously held that a hearing is not necessary when the district court relies 'upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record' to calculate a damage award.").

Here, Plaintiffs' attach excel spreadsheets (Exhibit "C" to the Naydenskiy declaration) extrapolating the Plaintiff's and opt-in Plaintiff's hours worked from Defendants' provided

records (Exhibit "E" to the Naydenskiy declaration).

**C. PLAINTIFFS' ARE ENTITLED TO AN AWARD OF DAMAGES.**

    **1. Damages Background**

        **a. The NYLL Statute of Limitations**

The statute of limitations for Plaintiffs' claims brought under the NYLL is six years, which encompasses Plaintiffs' periods of employment. NYLL §§ 198(3), 663(3).

        **b. NYLL Liquidated Damages**

The NYLL allows a worker to recover one hundred percent (for post April 9, 2011 violations) of his unpaid wages as liquidated damages where his employer's violation was willful. NYLL §§ 198(1-a), 663(1); *Sanchez v. Viva Nail NY Inc.,* 12-CV-6322 ADS ARL, 2014 WL 869914 (E.D.N.Y. Mar. 4, 2014) ("Plaintiffs are also entitled to recover twenty-five percent of unpaid overtime as liquidated damages for the overtime compensation awarded under the NYLL, and effective April 9, 2011, an additional 100% of unpaid wages")(internal quotations and citations omitted); *Berrezueta v. Royal Crown Pastry Shop, Inc.,* 12-CV-4380 FB RML, 2013 WL 6579799 E.D.N.Y. Dec. 16, 2013 ("plaintiffs are entitled to one hundred percent liquidated damages under state law for time worked after April 9, 2011"). Since, as discussed *supra,* Defendant's wage and hour violations were willful, Plaintiffs are entitled to liquidated damages under the NYLL.

    **2. Statutory Damages for Defendant's Lack of Notices**

As set forth below, Plaintiffs are entitled to recover from the Defendants $50 for each work week that the violations of NYLL § 195(1) occurred or continue to occur, up to a total of

$2,500.00, as provided for by NYLL § 198(l)-b or for violations occurring from February 27, 2015, $50 dollars for each work day that the violations of NYLL § 195(1) occurred or continue to occur, up to a total of $5,000.00, as provided for by NYLL § 198(l)-b. Additionally, Plaintiffs are entitle to $100 for each work week that the violations of NYLL § 195(3) occurred or continue to occur, up to a total of $2,500.00, as provided for by NYLL § 198(l)-d or for violations occurring from February 27, 2015, $250 for each workday that the violations of NYLL § 195(3) occurred or continue to occur, up to a total of $5,000.00, as provided for by NYLL § 198(l)-d, reasonable attorneys' fees and costs.

### 3. Plaintiffs Are Entitled to Attorneys' Fees & Costs

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fees and costs are also awardable under the NYLL with respect to the state law claims. NYLL § 198; *Carrasco,* 2012 WL 2814112 at *7 ("[t]he FLSA and New York Labor Law also provide for attorneys' fees and costs to a successful plaintiff")(citations omitted).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008). Prior to *Arbor Hill,* this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id.* at 183; *Cao,* 2010 U.S. Dist. LEXIS 109373 at *22.

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Flores v. J&B Club House Tavern, Inc.,* 2012 WL 4891888 (S.D.N.Y. Oct. 16, 2012)(citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)(citation omitted).

However, in considering the records, the Court should not "engage in 'an *ex post facto* determination of whether attorney hours were necessary to the relief obtained.'" *Cesario,* 2008 WL 5210209, at *7 (quoting *Grant,* 973 F.2d at 99).

Plaintiffs' attorneys have submitted a compilation of their time records for the Court's consideration on this motion. (Naydenskiy declaration Exhibit D)). The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended its calculations of the presumptively reasonable fee.

With respect to determining a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill,* 522 F.3d at 184. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA NY City Transit Auth,* 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex ref. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,* 450 F.3d 91, 96-97 (2d Cir. 2006).

Here, Plaintiff seeks hourly rates of $350 for Gennadiy Naydenskiy, Principal of Naydenskiy Law Group ("NLG"). Gennadiy Naydenskiy, is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February

2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. 99% of Gennadiy Naydenskiy's case load concentrates on wage and hour individual, multi-plaintiff, collective and class actions in this Court, the Eastern District of New York, and New York State Courts. Prior to founding Naydenskiy Law Group in October 2014, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates ("HHA") a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions in this Court and in the Eastern District of New York. Additionally, prior to being an associate for HHA, Mr. Naydenskiy was a law clerk for HHA from May 2012.

Thus, these hourly rates are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See e.g. Jemine v. Dennis,* --- F.Supp.2d ---, 2012 WL 4482769 (E.D.N.Y., Sept. 28, 2012) (Mauskopf, DJ)(stating that "the prevailing hourly rates for partners in this district are between $300 and $400"); *Concrete Flotation Sys., Inc., v. Tadco Constr. Corp.*, 2010 WL 2539771, at *4 (E.D.N.Y., 2010)(same). Gennadiy Naydenskiy expanded 58.2 hours in relation to this matter.

Additionally, Plaintiff seeks hourly rates of $150 for Alex Markhasin. Alex Markhasin, a previous associate with NLG from March 2017[1], is a Cum Laude 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New York bar in March 2014, and New Jersey Bar in November 2013, the United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York in May 2017. Alex Markhasin handles employment law matters with a focus on wage and hour individual, multi-plaintiff, collective and class actions. Prior to joining NLG, he was an extern with the City of Buffalo Law Department assisting with labor and tort litigation matters. In addition to

---

[1] Alex Markhasin also served as of counsel to Naydenskiy Law Group from November to December 2016.

litigation, Alex Markhasin's experience includes advisory and outside counsel work in transactional matters.

These hourly rates for an associate are in line with hourly rates approved by other courts in this District for attorneys with similar experience. *See Jean v. Auto & Tire Spot Corp.*, 2013 WL 2322834, at *7 (E.D.N.Y. Mar. 7, 2013) (recommending hourly fee of $175 hourly for associate with two years' experience), *adopted by*, 2013 WL 2322834 (E.D.N.Y. May 28, 2013). Alex Markhasin expanded 20.6 hours in relation to this matter.

The small amount ($1,606.04) of costs sought by Plaintiffs is also reasonable. Plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

Therefore, Plaintiffs request to be awarded attorney fees and costs in the amount of $24,396.04

**D. PLAINTIFFS' DAMAGE CALCULATIONS.**

Plaintiffs' damages were calculated by Plaintiffs' counsel's staff and are attached to Naydenskiy declaration exhibit A. Plaintiffs' counsel calculated Plaintiff Marco Antonio Sanchez to be owed $54,305.82, Opt-in Plaintiff Hyun Jun Kim to be owed $10,103.25, Opt-in Plaintiff Levon J. Augustine to be owed $14,941.14 Opt-in, Plaintiff Emad Newaz to be owed $4,177.50, Opt-in Plaintiff Jerffrey Santiago to be owed $12,561.25 Opt-in Plaintiff Mahamduo Sillah to be owed $12,803.10, and Opt-in Plaintiff Augustine Uzowuvu to be owed $11,251.00. Therefore, Plaintiff and opt-in Plaintiffs are owed $120,143.06 in wages, liquidated damages, and hiring notice and wage statement violations.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and award damages in the amounts set forth herein.

Dated: December 28, 2017

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
517 Brighton Beach Ave, 2nd fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs*