NAYDENSKIY LAW GROUP, P.C.
517 Brighton Beach Ave, 2nd Fl.
Brooklyn, New York 11235
Telephone: (718) 808 2224
Email:Naydenskiylaw@gmail.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARCO ANTONIO SANCHEZ, individually and
on behalf of all other similarly situated persons,

                                                                              Index: 16-cv-4472


                                     Plaintiffs,

JYP FOODS INC., d/b/a KRISTALBELLI, and JOON
KIM,
                                     Defendants,
-------------------------------------------------------------X


**DECLARATION OF GENNADIY NAYDENSKIY, ESQ. IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND ENTER
DEFAULT JUDGEMENT**


1.      I am an attorney for the plaintiff and opt-in Plaintiffs in this action. I make

this declaration in connection with Plaintiff's and opt-in Plaintiffs' Motion to strike

Defendants' answer and enter default judgment.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's

complaint.

3.      Attached hereto as **Exhibit B** is a true and correct copy of Defendants' answer

complaint.

4.      Attached hereto as **Exhibit C** is excel spreadsheets calculating Plaintiffs'

damages by extrapolating Plaintiffs' hours worked from Defendants' produced documents.

5.      Attached hereto as **Exhibit D** is Naydenskiy Law Group's contemporaneous

time records and costs associated with the herein matter.

6.    Attached hereto as **Exhibit E** is a true and correct copy of Defendants'

produced documents.

Dated: December 28, 2017                 Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
517 Brighton Beach Ave, 2nd fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MARCO ANTONIO SANCHEZ, individually and
on behalf of all other similarly situated persons,

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

Plaintiffs,

JYP FOODS INC., d/b/a  KRISTALBELLI, and JOON KIM,

Defendants,

---------------------------------------------------------------X

Plaintiff Marco Antonio Sanchez ("Plaintiff") by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid minimum wage, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.     Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"). and 12 NYCRR § 142-2.2. Plaintiff seeks, for himself and all other similarly situated employees, unpaid minimum wage, unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs,

liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.      Plaintiff MARCO ANTONIO SANCHEZ ("Plaintiff") resides in the County of Kings in the State of New York.  At all relevant times, Plaintiff was employed by Defendants as a busboy and bar-back, as described herein, beginning from in or around 2013 until in or around July or August 2015.

7.      Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8.      Defendant   JYP   FOODS   INC.,   d/b/a   KRISTALBELLI ("KRISTALBELLI") is a New York State domestic corporation licensed to do business in the State of New York, with its principal place of business at 8 West 36th Street, New York, New York, 10018.

2

9.     Defendant JOON KIM ("KIM") is the chairman/chief executive officer, manager and/or operator of Defendant KRISTALBELLI. Defendant KIM has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10.     Defendants KRISTALBELLI and KIM are herein collectively referred to as "Defendants".

11.     Defendants grossed more than $500,000.00 in each of the last six calendar years.

12.     At all relevant times, Defendants has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

13.     Defendants operate a Korean styled restaurant.

14.     At all times relevant hereto, Defendants employed Plaintiff, the FLSA Collective Plaintiffs and the Class Members as tipped employees including busboys, bartenders, bar-backs, and servers.

15.     Defendants generally scheduled Plaintiff to work- and Plaintiff generally worked- 5 days a week, on Tuesday, Thursday, Friday, Saturday, and Sunday.

16.     Defendants generally scheduled Plaintiff to work- and Plaintiff worked- from 4pm to 2am on weekdays and from 4pm to between 3:30am and 4:00am on weekends.

3

17.     Defendants occasionally allotted a 1 hour and 45 minute break on weekend days worked.

18.     Defendants assigned Plaintiff to work- and Plaintiff worked- over 40 hours per work week.

19.     Upon hiring, Defendants told Plaintiff his pay would be $6.00 per hour worked up to 40 hours per work week and a flat rate of $30, $40, or $50 for hours worked in excess of 40 hours per work week.

20.     Defendants paid Plaintiff, the Collective Plaintiffs, and the Class Members, at or below the "tip credit" minimum wage, which is less than the federal and the New York State minimum wages. Defendants, however, were not entitled to take any tip credits under the NYLL, because they failed to provide compliant notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL.

21.     For example, for the work week of August 17, 2014 through August 23, 2014, Defendants paid Plaintiff net wages of $221.63 for 45.5 work hours. See Exhibit "B".

22.     Plaintiff and Class Members did not receive compliant tip credit notice.

23.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage to the Plaintiff and the Class Members due to the invalid tip-credit that Defendants claimed.

24.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State overtime rates of pay to the Plaintiff and the Class Members due to the invalid tip-credit that Defendants claimed.

4

25.      Defendants knowingly and willfully operated their business with a policy of not paying the New York State overtime rates of pay to the Plaintiff and the Class Members.

26.      Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs, and the Class Members an hourly minimum wage rate of pay for all hours worked.

27.      Defendants failed to provide Plaintiff and the Class Members with compliant notices required by NYLL §195(1).

28.      Defendants failed to provide Plaintiff and the Class Members with compliant notices required by 12 NYCRR 146-2.2.

29.      Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

30.      Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

31.      Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid minimum wage and overtime wages for all hours worked.  Defendants knew that the nonpayment of minimum wage and overtime wages would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

32.      Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings the First claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a tipped-employee including busboys, bartenders, bar-backs, and servers, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

34.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked per workweek and overtime wages for hours worked in excess of 40 per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

35.     Other tipped-employees including busboys, bartenders, bar-backs, and servers should have the opportunity to have their claims for violations of the FLSA heard for claims that arose during the three years prior to the filing of the original Complaint. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including busboys, bartenders, bar-backs, and servers for claims that arose during the three years prior to the filing of the original Complaint to receive notice of the action and allow them to opt in to such an action if they so choose.

36.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA

6

Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

37.    Plaintiff brings the Second, Third, and Fourth claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover minimum wages, overtime wages, and statutory and other damages on behalf of all individuals employed in the State of New York by Defendants as tipped-employees including busboys, bartenders, bar-backs, and servers at any time during the six years prior to the filing of the original Complaint (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

38.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

39.    The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of the Defendants.

40.    Plaintiff's claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in

separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants failed to provide Class Members with proper notices and/or wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

41.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff retained Gennadiy Naydenskiy, Esq., from Naydenskiy Law Group, P.C., who is a competent and experienced employment litigator.

42.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate

actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

43. Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

44. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants lawfully paid Class Members a tip-credit rate of pay, (b) whether Defendants informed the class members of the tip-credit, (c) whether Defendants provided class members a tip-credit notice, (d) whether Defendants lawfully paid Class Members overtime pay for hours worked in excess of 40 hours per work week, and (e) whether Defendants provided Class Members with the wage statements required by NYLL § 195(3).

45.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

46.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

47.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

48.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

49.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

50.     Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage and Overtime Wages- NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)**

51.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

52.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

53.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

54.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

55.     Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

56.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

57.     Defendants failed to supply Plaintiff and the Class Members with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages..

58.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants $250 dollars for each workday that the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## FOURTH CLAIM FOR RELIEF

**(Spread of Hours – NYLL - Brought By Plaintiff on Behalf of Himself and the Class Members)**

1. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs.

2. Plaintiff and the Class Members regularly worked more than 10 hours in a workday.

3. Throughout the Class Period, Defendant willfully and intentionally failed to compensate Plaintiff and the Class Members additional compensation of one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by the NYLL.

4. By virtue of Defendant's failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendant violated the NYLL and the supporting New York State Department of Labor regulations.

5. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

12

6. Due to Defendant's NYLL violations, Plaintiff, on behalf of himself and the Class Members, seek damages in the amount of their respective unpaid spread of hours wages, pre-judgment and post-judgment interest, attorneys' fees and costs, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a)    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)    Certification of this action as a class action;

(c)    Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)    An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e)    Costs of action incurred herein, including expert fees;

(f)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)    Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems

necessary, just and proper.

Dated: June 14, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective*
*Action Plaintiffs and Proposed Class*
*Members.*

14

# EXHIBIT A

I am a current or former employee of JYP FOODS INC, JOON KIM, and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _21_ day of _____5_____ , 2016.

_____
                                    Signature

_____
Marco Antonio Sanchez
Full Legal Name (print)

# EXHIBIT B

KRISTALBELLI

**JYP FOODS INC**
8 W 36th St
New York, NY 10018

Bank of America

6497

8/27/2014

PAY TO THE
ORDER OF    Marco Sanchez

$  **564.75

Five Hundred Sixty-Four and 75/100************************************************************

DOLLARS

Marco Sanchez

Memo    Payroll 8/17-8/23 2014(45.5HRS)

JYP FOODS INC

Marco Sanchez                                      8/27/2014        6497

                         Tip343.12                                 564.75

ERICA 9  Payroll 8/17-8/23 2014(45.5HRS)                                   564.75

**JYP FOODS INC. 8 W 36TH STREET NEW YORK, NY 10016**

| CHECK NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | NUMBER | 0013 | STATUS | DEPT. | | DATE |
|---|---|---|---|---|---|---|---|---|
| | | MARCO A SANCHEZ | | | S 06,06 | | | 02/25/2015 |

| | EARNINGS | | | | | TAXES | | | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TYPE $/hr hrs | | CURRENT | YTD | TYPE | CURRENT | | YTD | | TYPE | CURRENT | YTD |
| Gross Wages | | 288 13 | 2162 53 | MCWH | | 4 18 | 31 36 | | NYSDI | 0 60 | 4 80 |
| Total Wages | | 288 13 | 2162 53 | SSWH | | 17 86 | 134 08 | | MCOMP   *a | 464 04 | 3120 52 |
| | | | | SITW | | 1 26 | 5 66 | | *SubTotal | -463 44 | -3115 72 |
| | | | | LITW | | 1 46 | 8 93 | | | | |
| TOTALS | | 288 13 | 2162 53 | | | 24 76 | 180 03 | | | -463 44 | -3115 72 |
| NETPAY | | 726 81 | 5098 22 | | | | | | *a=Net Add | | |

**JYP FOODS INC.**
KRISTALBELLI
8 W 36TH STREET
NEW YORK, NY 10016

02/25/2015   $********726.81
**DATE**      **AMOUNT**

**PAY** Seven Hundred Twenty-Six Dollars & 81 Cents

TO THE   MARCO A SANCHEZ
ORDER    1232 WARD LN/2FL
OF       BRONX, NY 10472

Memo:

⑈⑇〇⑇

---

**JYP FOODS INC. 8 W 36TH STREET NEW YORK, NY 10016**

| CHECK NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | NUMBER | 0013 | STATUS | DEPT. | | DATE |
|---|---|---|---|---|---|---|---|---|
| | | MARCO A SANCHEZ | | | S 06,06 | | | 02/25/2015 |

| | EARNINGS | | | | | TAXES | | | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TYPE $/hr hrs | | CURRENT | YTD | TYPE | CURRENT | | YTD | | TYPE | CURRENT | YTD |
| Gross Wages | | 288 13 | 2162 53 | MCWH | | 4 18 | 31 36 | | NYSDI | 0 60 | 4 80 |
| Total Wages | | 288 13 | 2162 53 | SSWH | | 17 86 | 134 08 | | MCOMP   *a | 464 04 | 3120 52 |
| | | | | SITW | | 1 26 | 5 66 | | *SubTotal | -463 44 | -3115 72 |
| | | | | LITW | | 1 46 | 8 93 | | | | |
| TOTALS | | 288 13 | 2162 53 | | | 24 76 | 180 03 | | | -463 44 | -3115 72 |
| NETPAY | | 726 81 | 5098 22 | | | | | | *a=Net Add | | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARCO ANTONIO SANCHEZ, individually
and on behalf of other similar situated persons,

                                Case No.: 16-CV-04472

                        Plaintiff,

         -against-

                                    __ANSWER__

JYP FOODS INC., d/b/a KRISTALBELLI, and
JOON KIM,

                     Defendants.
-----------------------------------------------------------------------X

       Defendants, JYP FOODS INC. d/b/a KRISTALBELLI ("KRISTALBELLI") and JOON KIM ("KIM"), by their attorneys, THE SELTZER LAW GROUP P.C. hereby answer the Plaintiff's FLSA Collective Action and Rule 23 Class Action Complaint (the "Complaint") dated June 14, 2016, and alleges as follows upon information and belief:

1. Defendants deny the allegations contained in paragraph numbered "1" of the Complaint.

2. Defendants deny the allegations contained in paragraph numbered "2" of the Complaint.

3. Defendants admit that Plaintiff contends that subject matter jurisdiction is present.

4. Defendants admit that Plaintiff contends that subject matter jurisdiction is present.

5. Defendants admit that Plaintiff contends that venue is proper within the Southern District of New York.

6. Defendants deny the allegations contained in paragraph numbered "6" of the Complaint.

7. Defendants admit that Plaintiff contends that he has signed a written consent to sue.

8. Defendants admit the allegations contained in paragraph numbered "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph numbered "9" of the Complaint.

10. There are no factual allegations contained in paragraph numbered "10" of the Complaint. As such, no response to it is required.

11. Defendants deny the allegations contained in paragraph numbered "11" of the Complaint.

12. Defendants deny the allegations contained in paragraph numbered "12" of the Complaint.

13. Defendants admit that KRISTALBELLI is a restaurant and deny all remaining allegations contained in paragraph "13" of the Complaint.

14. Defendants admit only that Plaintiff was employed at one time at KRISTABELLI and received tipped compensation and deny all remaining allegations contained in paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in paragraph numbered "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph numbered "16" of the Complaint.

17. Defendants admit that Plaintiff received work breaks and deny the remaining allegations contained in paragraph numbered "17" of the Complaint.

18. Defendants deny the allegations contained in paragraph numbered "18" of the Complaint.

19. Defendants deny the allegations contained in paragraph numbered "19" of the Complaint.

20. Defendants deny the allegations contained in paragraph numbered "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph numbered "21" of the Complaint.

22. Defendants deny the allegations contained in paragraph numbered "22" of the Complaint.

23. Defendants deny the allegations contained in paragraph numbered "23" of the Complaint.

24. Defendants deny the allegations contained in paragraph numbered "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph numbered "25" of the Complaint.

26. Defendants deny the allegations contained in paragraph numbered "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph numbered "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph numbered "28" of the Complaint.

29. Defendants deny the allegations contained in paragraph numbered "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph numbered "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph numbered "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph numbered "32" of the Complaint.

33. Defendants deny the allegations contained in paragraph numbered "33" of the Complaint.

34. Defendants deny the allegations contained in paragraph numbered "34" of the Complaint.

35. Defendants deny the allegations contained in paragraph numbered "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph numbered "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph numbered "37" of the Complaint.

38. Defendants deny the allegations contained in paragraph numbered "38" of the Complaint.

39. Defendants deny the allegations contained in paragraph numbered "39" of the Complaint.

40. Defendants deny the allegations contained in paragraph numbered "40" of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph numbered "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph numbered "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph numbered "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph numbered "45" of the Complaint.

**ANSWERING THE FIRST CLAIM FOR RELIEF**

46. Defendants repeat and re-allege its responses contained in paragraphs "1" through "45" as stated above with the same force and effect as if set forth fully herein at length.

47. Defendants deny the allegations contained in paragraph numbered "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph numbered "48" of the Complaint.

49. Defendants deny the allegations contained in paragraph numbered "49" of the Complaint.

50. Defendants deny the allegations contained in paragraph numbered "50" of the Complaint.

**ANSWERING THE SECOND CLAIM FOR RELIEF**

51. Defendants repeat and re-allege its responses contained in paragraphs "1" through "50" as stated above with the same force and effect as if set forth fully herein at length.

52. There are no factual allegations contained in paragraph numbered "52" of the Complaint.  As such, no response to it is required.

53. Defendants deny the allegations contained in paragraph numbered "53" of the Complaint.

54. Defendants deny the allegations contained in paragraph numbered "54" of the Complaint.

55. Defendants deny the allegations contained in paragraph numbered "55" of the Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

56. Defendants repeat and re-allege its responses contained in paragraphs "1" through "55" as stated above with the same force and effect as if set forth fully herein at length.

57. Defendants deny the allegations contained in paragraph numbered "57" of the Complaint.

58. Defendants deny the allegations contained in paragraph numbered "58" of the Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

59. Defendants repeat and re-allege its responses contained in paragraphs "1" through "58" as stated above with the same force and effect as if set forth fully herein at length.

60. Defendants deny the allegations contained in paragraph numbered "2" under the Fourth Claim of Relief of the Complaint.

61. Defendants deny the allegations contained in paragraph numbered "3" under the Fourth Claim of Relief of the Complaint.

62. Defendants deny the allegations contained in paragraph numbered "4" under the Fourth Claim of Relief of the Complaint.

63. Defendants deny the allegations contained in paragraph numbered "5" under the Fourth Claim of Relief of the Complaint.

64. Defendants deny the allegations contained in paragraph numbered "6" under the Fourth Claim of Relief of the Complaint.

## JURY DEMAND

65. Defendants deny that Plaintiffs and the putative class members are entitled to a trial by jury on all issues in the instant action as pleaded in the Complaint.

## PRAYER FOR RELIEF

66. The Prayer for Relief on the Complaint does not require a responsive pleading. To the extent a responsive pleading is required, Defendants deny that Plaintiff and the putative class members are entitled to any relief whatsoever either individually or on behalf of other individuals.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint, in whole or in part, fails to state a claim upon which can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. The claims of Plaintiff are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. The collective action allegations set forth in Plaintiff's Complaint consist legal conclusions as well as legal conclusions couched as factual allegations and set forth insufficient factual allegations to raise a plausible claim that collective treatment is warranted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff fails to satisfy the prerequisites for the maintenance of this federal law claims as collective action, as set forth in 29 U.S.C. Section 216(b).  Plaintiff fails to satisfy the prerequisites for the maintenance of a class action, as set forth in Article 9 of the New York Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. Plaintiff cannot establish a willful violation within the meaning of 29 U.S.C. § 216(b) of the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited the Complaint, with respect to the Plaintiff and other persons purported to be potential members of a collective action, if any, and Defendants assert a lack of willfulness or intent to violate the FLSA or the New York State Labor Law as a defense to any claim by Plaintiff for liquidated damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff had a clear and mutual understanding with Defendants concerning the system under which he was paid during the relevant time frame, and understood that his salary was compensation for all hours worked each week (whether many or few).  By accepting his regular salary for all hours worked during a particular work week, Plaintiff had been compensated with his regular rate for all hours worked during each workweek in question.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims, and those of putative class members, are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credit provided for in Section 7 of the FLSA, 29 U.S.C. § 207, of the New York State Labor Law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and the New York State Labor Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76. If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amount paid, tendered, waived, compromised, and/or released through any other proceedings, either formal or informal, or to the extent any additional compensation was paid to Plaintiff(s) over and above their wages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff is not entitled to liquidated damages under the New York Labor Law because they cannot establish a willful violation of the New York Labor Law.

## AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

78. The Defendants paid all legally required wages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff cannot recover wages for any hours worked that were not reported or authorized in accordance with any applicable policies or procedures.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff is not entitled to compensation for hours worked without the knowledge of Defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff is not entitled to compensation for hours worked for which Defendants received no benefit.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

82. This action is barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

83. Payment has been made to Plaintiff of all sums which may have been due under the FLSA and the New York Labor Law and their corresponding regulations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

84. Some or all of Plaintiff's claims may be subject to the de minimis rule, 29 C.F.R. §785.47, because they involve insignificant amounts of overtime.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

85. The FLSA claims of Plaintiff are barred to the extent that the acts or omissions complained of were taken in good faith conformity with, and in reliance on, written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies thereof, in accordance with the Portal-to-Portal Act, 29 U.S.C. § 259.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

86. The New York Labor Law claims of Plaintiff are barred to the extent that any acts or omissions on the part of Defendants were in good faith in conformity with, and in reliance upon, written administrative regulations, orders, rulings, approval, or interpretation of administrative practices or enforcement policies of the New York State Department of Labor, and Defendants had reasonable grounds for believing that the acts or omissions in question were not in violation of the New York Labor Law.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

87. Defendants were not and are not "employers" within the meaning of the statutes alleged, during the periods alleged in the Complaint, in whole or in part.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

88. The individual Defendant has no personal liability under the legal theories and/or factual allegations asserted by the Plaintiff.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

89. Plaintiff(s) was paid minimum wage and overtime for hours worked over forty (40) hours per workweek, and for any applicable "spread of hours," during their employment with Defendants.

.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

90. Plaintiff has not shown and cannot show that collective action treatment of the purported claims in the Complaint is superior to other methods of adjudicating the controversy.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

91. The types of claims alleged by Plaintiff are matters in which individual questions predominate and thus are not appropriate for collective treatment.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

92. The purported claims alleged by Plaintiff are neither common to, nor typical of, those, if any, of the alleged putative collective/class members.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

93. This case is not appropriate for collective action certification because Plaintiff is unable to fairly and adequately protect the interests of all members of the putative collective.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

94. The putative collective members are not so numerous that joinder is impracticable.

## AS TO PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment against Plaintiff by:

    a. Denying the request designating the action as a collective action;

    b. Dismissing Plaintiff's Complaint in its entirety;

    c. Awarding costs and attorneys for Defendants; and for

    d. All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 12, 2016

THE SELTZER LAW GROUP P.C.
*Attorneys for Defendants*

_____
    Steven Seltzer
    Paul J. Sagar
11 Broadway. Suite 615
New York, New York 10004
T. 646-863-1909
F. 646-863-1877

To:   Gennadiy Naydenskiy
     Naydenskiy Law Group P.C.
     1517 Voorhies Avenue, 2nd Floor
     Brooklyn, New York 11235
     (718) 808-2224

## CERTIFICATE OF SERVICE

I, Steven Seltzer, an attorney duly licensed to practice before the Courts of the State of New York, hereby certify that on August 12, 2016 a copy of the foregoing **ANSWER** has been served via ECF upon:

> Gennadiy Naydenskiy
> Naydenskiy Law Group P.C.
> 1517 Voorhies Avenue, 2nd Floor
> Brooklyn, New York 11235
> (718) 808-2224

Dated: New York, New York
      August 12, 2016               ___*/s/ Steven Seltzer*_____
                                         Steven Seltzer